# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANDREW ERIC BUCKINS, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-097 |
| | ) | |
| FAMILY DOLLAR STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Andrew Eric Buckins, Jr. filed this employment-discrimination case against Family Dollar Stores, Inc. Doc. 1. Finding him indigent, the Court **GRANTS** his accompanying motion for leave to file this case *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Doc. 2. Plaintiff complains that Family Dollar discriminated against him, based on his race, while it employed him from 2008-2010. Doc. 1 at 2-3, 10-22. Because his case is being screened under § 1915(a), it faces dismissal under § 1915(e)(2)(B)(ii) if it fails to state a claim.

A plaintiff must file a charge of discrimination with the EEOC within 180 days of the unlawful employment practice. 42 U.S.C. § 2000e–

5(e)(1); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). He also "must file his complaint within 90 days of receiving an EEOC notice of his right to sue. 42 U.S.C. § 2000e–5(f)(1); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233–34 (11th Cir. 2002)." *Patel. v. Georgia Dept. of Behavioral Health (Etc.)*, 2013 WL 1729802 at * 1 (11th Cir. Apr. 22, 2013).

In his lengthy recitation, Buckins relates that he filed an EEOC charge against Family Dollar in 2010 but did not receive a right to sue letter until March 2012. Doc. 1 at 21. He then applied for employment as a "Valet at another Company." *Id.* After that company asked a series of unfair questions, he complained to an EEOC investigator. The investigator told him "to come down to the EEOC office and file two new complaints." *Id.* at 22. Plaintiff did. *Id.*

The EEOC's January 17, 2013 right-to-sue letter does identify "Family Dollar" as the employer against whom Buckins grieved, doc. 1-1, but it is obvious that it is a result of his second EEOC filing. The letter, for that matter, says "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." *Id.* It

2

reminds him that "[n]o finding is made as to any other issues that might be construed as having been raised by this charge." *Id*.

Buckins' complaint unmistakably recounts 2008-2010 alleged discrimination and the issuance of an earlier (May 2012) right-to-sue letter. He did not file this case until April 18, 2013 -- way beyond that 90-day period following the first letter. Doc. 1. Congress chose a tight (180-day) limitation period here, and claimants may not restart it merely by re-submitting a new EEOC charge *on the same grounds*. Buckins has not alleged that he did anything but that here, and no EEOC investigator has the authority to create a second limitations period. Hence, the second right-to-sue letter (doc. 1-1) is a legally nullity; it did stop the limitation clock, which otherwise ran past 90 days here. Accordingly, this case should be **DISMISSED** as time-barred.

**SO REPORTED AND RECOMMENDED** this 7th day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3